**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TABRIA MONTGOMERY, Individually and as Administratrix of the ESTATE OF MICHAEL MONTGOMERY, deceased,** *Plaintiff,* | : | **CIVIL ACTION No. 24-367** |
| **v.** | : | |
| **BOBST MEX SA,** ***et al.*****,** *Defendants.* | : | |

**ORDER**

**AND NOW,** this **29th** day of **September 2026,** upon consideration of Plaintiff's Motion for Approval of the Settlement of Wrongful Death and Survival Action Claims and Attorney's Fees and Costs, it is **ORDERED** that the Motion is **GRANTED** and

1. Plaintiff is authorized to enter into a settlement of all claims against Bobst for the gross amount of $[redacted];

2. Plaintiff's counsel's requested fee in the amount of $[redacted] and reimbursement of case costs in the amount of $[redacted] are **APPROVED**.

3. The gross settlement amount shall be distributed as follows:

   a. $[redacted], as counsel fees per fee Contract, to: Saltz Mongelluzi Bendesky, P.C.;

   b. $[redacted] as reimbursement of costs, per fee contract to: Saltz Mongelluzi Bendesky, P.C.; and

   c. $[redacted] to be held in escrow for distribution to Michael Montgomery's Estate and Wrongful Death Beneficiaries upon further Order of the Philadelphia County Orphan's Court.

4. Plaintiff shall promptly apply to the Philadelphia County Orphan's Court for approval of the distribution of the net settlement funds to Michael Montgomery's estate and wrongful death beneficiaries, and, upon such

filing, shall file with *this* Court an affidavit certifying that such an application has been made to the Philadelphia County Orphan's Court;

5. Plaintiff's counsel shall hold the net balance of the settlement in escrow and *shall not* distribute any of the net settlement funds to Michael Montgomery's estate or to any wrongful death beneficiaries until further order of the Philadelphia County Orphan's Court; and

7. When the distribution of the net settlement funds has occurred and the settlement between the parties is final, Plaintiff's counsel shall promptly file with this Court an affidavit certifying that the net settlement amount has been distributed in compliance with the Philadelphia County Orphan's Court's requirements so that this Court may enter an appropriate order dismissing this action pursuant to the agreement of the parties consistent with Federal Rule of Civil Procedure 41.[1]

The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

José R. Arteaga

Digitally signed by José R. Arteaga
Date: 2026.09.29 12:20:39 -04'00'

**HON. JOSÉ RAÚL ARTEAGA**
***United States Magistrate Judge***
***Eastern District of Pennsylvania***

[1] If the parties in a federal case settle and the court dismisses it, the court does *not* automatically keep jurisdiction over any disputes relating to that settlement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–82 (1994). Because the specific terms of the parties' proposed settlement agreement are not presently before the Court, the Court does not know whether they have agreed to this Court's continuing jurisdiction over the settlement. Absent this information, and because the Orphan's Court approval of the distribution of the net settlement funds remains contingent, the Court declines to enter an order of dismissal at this time.